Charles Elliott *vs.* Israel R. Grant.

*Verdict—when it will not be set aside as against evidence.*

The law imposes the duty of determining the facts upon a jury, who see and hear the witnesses, and not upon the court who have not those means of ascertaining the truth.

It is not a sufficient cause for setting aside a verdict that the court might, upon the same evidence, have come to a different result.

But the preponderance of evidence against the verdict must be such as to show that the jury must have acted under a mistake, or been influenced by improper motives.

On motion to set aside the verdict as being against law and evidence.

Appleton, C. J. The plaintiff, claiming title to certain goods purchased by him of one Chandler, has brought his action of trespass against the defendant, the sheriff of Waldo county, for attaching the same goods on writs, in favor of the creditors of said Chandler as his property.

The question in issue was not whether Chandler obtained these goods by means of fraud and false representations, for the plaintiff by his purchase, and the creditors by their attachment assume the title to them to be in their debtor, as whose they were attached.

The real controversy was whether the plaintiff made his purchase in good faith, or for the purpose of hindering, delaying, or defrauding the creditors of his vendor. On this there was a conflict of evidence. The case has been tried three times, and with a disagreement at each trial. On the fourth trial, the plaintiff obtained a verdict. It is not sufficient cause for a new trial that we might, upon the same evidence, have come to a different result. The law does not impose upon us the duty of determining the facts. It does impose that duty upon the jury. There is no such preponderance of evidence as shows that the jury must have acted under a mistake, or have been influenced by improper motives. The jury saw and heard the witnesses, and they had better means of determining the truth than we have. If on four successive trials, the arguments of the able counsel for the defense failed to satisfy the jury that the sale to the plaintiff was fraudulent, it will not be denied there was a conflict of testimony, nor will it be hardly worth the while to grant a new trial to give him a fifth opportunity. There must, at some time, be an end of litigation, and this seems to be the fitting time. *Motion overruled.*

KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.

CUTTING, J., dissented.

*N. Abbott*, for the plaintiff.

*A. G. Jewett & J. Williamson*, for the defendants.